E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-02513-S3**
**5/5/2022 4:02 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NADINE VIRUET, | * |
| Plaintiff, | * |
| vs. | * CASE NO.: 22-C-02513-S3 |
| WAL-MART STORES EAST, LP, | * JURY TRIAL |
| Defendant. | * |

### COMPLAINT FOR DAMAGES

**COMES NOW**, Nadine Viruet (hereinafter "Plaintiff"), in the above-styled action, and files this, her Complaint for Damages against Wal-Mart Stores East, LP, (hereinafter "Defendant"), as follows:

1.

Plaintiff is a resident of the State of Georgia and consents to the jurisdiction and venue of this Court.

2.

Defendant Wal-Mart Stores East, LP is a foreign for-profit corporation organized and operating under the laws of the State of Delaware with a principle place of business at 702 SW 8th Street, Bentonville, Arkansas 72716 and is authorized to transact business in the State of Georgia.

3.

Defendant maintains a retail location at 3245 Lawrenceville-Suwanee Rd., Suwanee, Gwinnett County, Georgia 30024.

Exhibit B

4.

Defendant is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 14-2-510(4).

5.

Service can be perfected upon Defendant by serving its registered agent, The Corporation Company, at 112 North Main Street, Cumming, Georgia 30040.

**FACTS OF THE CASE**

6.

On January 1, 2020, Defendant was engaged in the ownership, management, and operation of the Walmart Supercenter located at 3245 Lawrenceville-Suwanee Rd., Suwanee, Gwinnett County, Georgia 30024 (hereinafter "Premises").

7.

On January 1, 2020, Plaintiff was an invitee of the Premises to purchase products advertised and sold by Defendant.

8.

On January 1, 2020, in and around Defendant's front entrance, water had accumulated on the floor which created a Hazardous Condition on the Premises (hereinafter the "Hazardous Condition").

9.

As Plaintiff entered the store, she walked over the floor mat and when she stepped off, she slipped and fell in the Hazardous Condition found at the front entrance of the Premises (hereinafter "Incident").

10.

Defendant provided no warning of any Hazardous Condition to Plaintiff.

11.

Plaintiff fell to the floor landing on her right knee and twisted backwards trying to brace herself with her left arm.

12.

Plaintiff's fall caused injuries to her right knee, her left wrist, and back.

13.

Plaintiff suffered severe physical injury due to the fall.

14.

Plaintiff has since sought medical treatment for her injuries from the fall.

15.

Plaintiff continues to experience pain and suffering related to the fall injuries.

## COUNT I – NEGLIGENCE

16.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 15, as if fully set forth herein.

17.

Defendant owed a duty of care to Plaintiff to act reasonably in the inspection, operation, and maintenance of the Premises.

18.

Defendant breached their duty to Plaintiff by:

a) Failing to properly inspect the Premises for Hazardous Conditions;

b) Allowing a Hazardous Condition to exist and remain on the Premises;

c) Failing to maintain a safe environment for its invitees;

d) Failing to warn Plaintiff of the Hazardous Condition; and

e) For other negligent acts and omissions which shall be discovered during the litigation and presented at trial.

19.

At all times relevant to the subject Incident, Plaintiff was without fault or negligence.

20.

As a direct and proximate cause of the Defendant's negligence, Plaintiff has sustained severe ongoing physical injuries.

21.

As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred medical expenses which today total in excess of $45,000.00.

22.

As a direct and proximate result of the Defendant's negligence, Plaintiff may continue to incur future medical expenses for an indeterminate time into the future.

23.

As a direct and proximate result of the Defendant's negligence, Plaintiff has incurred, and continues to incur, pain and suffering, mental anguish, and emotional distress.

## COUNT II – RESPONDEAT SUPERIOR

24.

Plaintiff incorporates and realleges the assertions in allegations contained in paragraph 1 - 23, as if fully set forth herein.

25.

At the time of the subject Incident, Defendant's employees and agents working on the Premises were working within the course and scope of their employment.

26.

At the time of the subject Incident, Defendant's employees and agents were responsible for the inspection and maintenance of the Premises such that it should be clear of Hazardous Conditions.

27.

Defendant is responsible for the actions and/or inactions of its employees with respect to the subject Incident as a matter of law.

## COUNT V - PREMISES LIABILITY

28.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 27, as if fully set forth herein.

29.

Plaintiff was an invitee on the Premises at the time of the Incident.

30.

Defendant owed a nondelegable duty of reasonable care in keeping the Premises safe for invitees such as Plaintiff.

31.

Defendant, by and through its employees who were working within the course and scope of their employment at the time of the Incident, allowed the Hazardous Condition to exist.

32.

At all times relevant to the subject Incident, Defendant had superior knowledge of the Hazardous Condition which existed on Defendant's Premises.

33.

Plaintiff did not know of the danger posed by the Hazardous Condition at the time of the Incident.

34.

Defendant had actual or constructive knowledge of the existence of the Hazardous Condition and should have warned invitees to the Hazardous Condition.

35.

Defendant was negligent in failing to properly inspect or maintain its Premises, in failing to remedy the presence of the Hazardous Condition, in failing to take adequate measures to protect invitees, and in failing to keep the Premises safe for invitees.

**WHEREFORE**, the Plaintiff prays:

1. That summons issue and that the Defendant be made party to this action as provided by law;

2. That this case be tried by a jury of 12;

3. That Plaintiff receives a judgment against Defendant for general damages including pain and suffering, mental anguish, and emotional distress, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;

4. That Plaintiff receives a judgment against Defendant for special damages incurred, including but not limited to, medical expenses and lost wages, in an amount to be shown at trial and determined by the enlightened conscience of the jury;

5. That Plaintiff be awarded all costs of litigation, including reasonable attorney's fees and expenses; and

6. That the Court order such other and further relief as necessary.

This _____ day of May 2022.

**Lowe Law Firm, P.C.**

*/s/ Shaun Daugherty*
Shaun Daugherty
Shaun@lowelawatl.com
Georgia Bar Number: 205877
**Attorney for Plaintiff**

3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
Tel/Fax: (678) 258-9131